WILLIAM J. GARDNER, Appellant, v. CARLSON HOIST & MACHINE Co., INC., and GARVIAN REALTY CORPORATION, Respondents, and Others, Defendants.— Action to recover damages for personal injuries sustained by plaintiff due to the fall of a hod hoist on which he was riding. Appeal by the plaintiff from two orders of the Supreme Court, entered in the office of the clerk of the county of Kings on the 18th day of December, 1935, one of which dismissed the complaint at the end

of the plaintiff's case as against defendant Garvian Realty Corporation, and the other dismissed the complaint at the close of the entire case as against defendant Carlson Hoist & Machine Co., Inc.; and by separate notice of appeal the plaintiff appeals from a judgment of the Supreme Court entered on said orders on the 2d day of January, 1936. Order dismissing the complaint as against defendant Carlson Hoist & Machine Co., Inc., and order dismissing it as against defendant Garvian Realty Corporation, and the judgment entered on said orders, reversed on the law and a new trial granted, costs to appellant to abide the event. We are of opinion that the plaintiff established a *prima facie* case of negligence as against both defendants. *First*, as to the Carlson Hoist & Machine Co., Inc., it defectively installed the hoisting apparatus, moved it from floor to floor as it became necessary with the progress of the work, and knew that the workmen on the job were using it for the purpose of reaching higher levels in the building under construction, notwithstanding a warning sign against such use and although the lease under which it was installed for use by the subcontractor limited it to the carrying of materials. *Second*, as to the owner, it had a superintendent on the building who not only knew that the men were using the defective hoist for the purpose of reaching the higher parts of the building, but specifically directed this plaintiff to use it, although he had knowledge of the faulty attachment of the hoisting apparatus to the beam at the top of the shaft. Plaintiff's right to recover must rest on the fact that the instrumentality was defective and dangerous as constructed; that in the course of the work the warning sign was abandoned and the plaintiff and other workmen used the hoist with the knowledge of both defendants, and, in the case of the owner, plaintiff was specifically directed to use the hoist. The result was to be reasonably anticipated in view of the defective condition of the hoist. Evidence of general custom, however, in view of the warning sign and the lease, was not competent, in the opinion of this court. Lazansky, P. J., Hagarty, Carswell, Davis and Johnston, JJ., concur.